JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN H. WODKA, individually, derivatively and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>CAUSEWAY CAPITAL MANAGEMENT LLC, SARAH H. KETTERER, HARRY W. HARTFORD, JAMES A. DOYLE, JONATHAN P. ENG, KEVIN DURKIN, TURNER SWAN, GRACIE V. FERMELIA, MARK CONE, JOHN A. G. GAVIN, and ERIC H. SUSSMAN,<br><br>Defendants.<br><br>- and -<br><br>CAUSEWAY CAPITAL MANAGEMENT TRUST, doing business as CAUSEWAY INTERNATIONAL VALUE FUND,<br><br>Nominal Defendant. | Case No. CV09-02625 R (RCx)<br><br>**ORDER OF DISMISSAL**<br><br>Assigned to Hon. Manuel L. Real |

1  On September 28, 2009, the motions to dismiss filed by Defendants Causeway Capital Management LLC, Sarah H. Ketterer, Harry W. Hartford, James A. Doyle, Jonathan P. Eng, Kevin Durkin, Turner Swan, Gracie V. Fermelia and Mark Cone (Dkt. 40); Defendants John A. G. Gavin and Eric H. Sussman (Dkt. 37); and Nominal Defendant Causeway Capital Management Trust (Dkt. 33) each came on for hearing before the Court.  After consideration of the Defendants' Motions to Dismiss, Plaintiff's Opposition To Defendants' Motions, Defendants' Reply Memoranda, and the oral argument of counsel, the Court concludes the Complaint must be dismissed.

The Complaint alleges four claims for relief based on the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et. seq. ("RICO"), and five claims based on state law.  Jurisdiction in this Court is based on the RICO claims under 28 U.S.C. §§ 1331, 1337 and 18 U.S.C. § 1962, and on 28 U.S.C. § 1367.

The Complaint alleges that Defendants caused the Nominal Defendant, Causeway Capital Management Trust (the "Trust") to invest in securities issued by internet gaming companies.  The Complaint further alleges that these companies were illegal gambling businesses, and that the investments violated 18 U.S.C. § 1955, an alleged predicate act under RICO.  Plaintiff alleges the Trust was injured when the government began enforcement actions against other internet gaming companies and Congress passed legislation prohibiting the processing of payments for internet gambling, causing the market prices of the securities held by the Trust to decline.

The Court finds the Plaintiff has not sufficiently pleaded a private RICO cause of action under the facts alleged in this case for the reasons stated in *McBrearty v. Vanguard Group, Inc.*, No. 08 Civ. 7650 (DLC), 2009 WL 875220 (S.D.N.Y April 2, 2009).  Moreover, for the reasons stated in *McBrearty,* Plaintiff cannot allege additional facts consistent with the Complaint that could possibly cure its deficiencies.  As such, Plaintiff cannot plead the proximate cause that he was injured by reason of Defendants' actions. Accordingly, the RICO Claims are dismissed without leave to amend.  *See McBrearty*, 2209 WL 875220, at *4.

**RECYCLED PAPER**

**ORDER OF DISMISSAL**

DC-1371673-v2

1       As the RICO claims were the only basis for this Court's exercise of subject
2   matter jurisdiction, and since this action is at a preliminary stage, the Court declines to
3   exercise supplemental jurisdiction over the state law claims.  The Court thus dismisses
4   those claims for lack of jurisdiction pursuant to 28 U.S.C. § 1367.
5       Defendants' requests for judicial notice (Dkts. 38 and 41) were unopposed.  The
6   documents attached to the requests are properly subject to judicial notice.  Therefore,
7   Defendants' requests for judicial notice are granted.
8       Based on the foregoing, IT IS HEREBY ORDERED that the First, Second,
9   Sixth and Seventh Claims in the Complaint are dismissed with prejudice and that
10  Judgment for Defendants be entered on these claims.  IT IS FURTHER ORDERED
11  that the remaining claims are dismissed without prejudice.

13      Dated:  October 8, 2009

15      _____
16      Hon. Manuel L. Real
    Judge of the United States District Court

**RECYCLED PAPER**

**ORDER OF DISMISSAL**

DC-1371673-v2